### PEOPLE v. HOPT.

WRIT OF ERROR IN A CRIMINAL CASE FROM THE SUPREME COURT OF THE UNITED STATES, SUSPENSION OF JUDGMENT ON.—In a capital case, where the sentence of death which was pronounced by the court below has been affirmed by this, this court has no power to order a stay of execution pending the hearing on a writ of error from the supreme court of the United States, whether the application for the stay be made before or after the issuance of the writ.

THE defendant was convicted in the third district court of the crime of murder in the first degree, and sentence of death pronounced. He appealed to the supreme court of the territory where the judgment of the district court was affirmed (*ante*, p. 396). An application was then made to the supreme court for an order staying the execution pending the hearing on a writ of error from the supreme court of the United States, which the defendant alleged, upon a showing, it was his intention to sue out, which application was denied. Subsequently the writ of error issued, when the application for a stay was renewed and again denied. Afterward the motion for a stay was renewed by leave, upon which a number of members of the bar were heard at their request, when the following opinion was delivered. No application was made to the trial court for a stay of execution after the writ of error from the supreme court of the United States had issued.

*W. G. Van Horn* and *S. H. Snyder*, for the defendant.

*W. H. Dickson, U. S. district attorney*, for the people.

The COURT:

These several motions which have been submitted to the court, raising the same questions that have been raised by the voluntary appearance of so many members of the bar, have been submitted to the court from time to time, while it was in the midst of other business, and without giving to the

court an opportunity to give that thorough consideration and examination of the subject that its gravity really demanded. Of course counsel were anxious to proceed step by step, and take such steps as they thought themselves entitled to, and have—while not insisting upon it offensively in any way— required of the court an immediate answer, and the decisions have been given, as I said before, without chance for mature deliberation, and without any opportunity to examine authorities upon the subject. The time given us since the discussion this afternoon has been the longest we have had to avail ourselves of at any time since these several motions have been submitted.

The court unanimously adheres to its opinion heretofore given as to the power of this court in the present state of the case. The discussion this afternoon has been participated in by many respectable members of the bar, men who, of course, had no earthly interest in the case, excepting that interest that is spontaneous with all members of the bar who are loyal to the law, and loyal to their profession, and whose only desire is that all the proceedings of the court shall be according to the law. This discussion has evidenced their earnestness, and their great desire that the court should commit no error in a case of this importance. The case is important, not only by reason of the gravity of the offense and the effect of the execution, if carried out, but it is important in another sense: no case of the kind has ever arisen, no case of the kind can arise in any other territory than this; there is no other territory in which an appeal is given in this class of cases to the supreme court of the United States, and hence, we have no precedent to govern us at all, and we have had to judge of it in accordance with our notions of the law, and in the manner I have suggested. The court is very anxious as to what the effect would be, if it should grant a stay of the execution, by exercising a doubtful power upon its part, and we have come to the conclusion unanimously, as I said before, to adhere to our former decision in the matter; but the court unites unanimously in recommending to the governor that he grant a reprieve. There is no question about his power; there is no question, then, but that the sentence and judgment remain until re-

versed by the proper tribunal; and hence we unite in recommending to the executive that he exercise the power that is unquestionably given him by the statute, and no doubt can then arise as to what the effect will be.

We of course feel obliged to the members of the bar; for what they volunteered to do is simply a demonstration to us of what we have known before, that they were loyal to their ideas of the law; they have been candid in expressing their opinions, and have expressed them in such a manner that it has made the question at least debatable, and we have thought it better all around to suggest executive action, especially in view of the position taken by the district attorney himself, as the members of the bar will recollect, in stating that it was his request or his wish—at least, I think he said his wish or his willingness—that the executive clemency should be used in that way, in view of the earnest discussion that has been raised in relation to the case. We think we have done what it is our duty to do, and it commends itself to our consciences.

Stay of execution denied.